UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**BRENDA LEE SCHOONOVER,**

    **Plaintiff,**

v.                                                                              **Case No: 5:17-cv-271-Oc-18PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

---

**REPORT AND RECOMMENDATION**[1]

Plaintiff appeals the administrative decision denying her application for disability insurance benefits. Upon a review of the record, the memoranda, and the applicable law, it is recommended that the Commissioner's decision be affirmed.

**I.  BACKGROUND**

This is Plaintiff's second application for disability insurance benefits. Plaintiff's previous claim was denied in October 2012. (Tr. 147–58). Plaintiff filed her current application in February 2014, alleging disability beginning March 1, 2011. (Tr. 103, 280). The claim was denied initially, and upon reconsideration. (Tr. 171–211).[2]

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Plaintiff's claim was adjudicated in Kentucky, which is in the Sixth Circuit. (Tr. 103). It appears that she has since moved to Marion County, Florida where she filed this claim. The parties have not identified any conflicts between the Sixth and Eleventh Circuits on issues of Social Security law relevant in this case or raised any related issues.

At Plaintiff's request, a hearing was held where both Plaintiff and an impartial vocational expert (VE) testified. (Tr. 121–46). The Administrative Law Judge (ALJ) then issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 103–15). Plaintiff's request for review was denied by the Appeals Council (Tr. 1–4), and Plaintiff initiated this action. (Doc. 1). Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: lumbar and cervical degenerative changes, mild knee osteoarthritis, depression, and panic disorder. (Tr. 106).

The ALJ found that the Plaintiff had the residual functional capacity to perform light work except that Plaintiff cannot climb ladders, ropes, or scaffolding and can only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. (Tr. 107). The ALJ also found Plaintiff has the capacity to understand, remember, and carry out simple one- or two-step directions and "tasks sustained over two-hour segments at a time." (Tr. 108).

Based upon Plaintiff's RFC and the testimony of the VE, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as hand packager, sorter, and cashier. (Tr. 114). Accordingly, the ALJ determined that Plaintiff is not disabled.

**II.     STANDARD OF REVIEW**

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

**III.    DISCUSSION**

Plaintiff raises two issues on appeal. Plaintiff argues that the ALJ erred in (1) determining Plaintiff's RFC; and (2) failing to account for Plaintiff's moderate difficulties in concentration, persistence, or pace in the hypothetical question posed to the VE.[3]

**A.  The ALJ did not err in determining Plaintiff's RFC.**

Plaintiff argues that the ALJ erred in determining her RFC by failing to account for all of her mental health limitations and failing to include such limitations in the hypothetical question posed to the VE.

A claimant's RFC is the most that a claimant can do despite physical and mental limitations resulting from impairments. 20 C.F.R. § 404.1545. The ALJ will consider all relevant medical and other evidence in the case in determining the claimant's RFC. *Phillips*, 357 F.3d at 1238. Yet, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered her medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation marks omitted).

---

[3] Plaintiff also briefly mentions that she submitted additional records to the Appeals Council that were not considered by the Council because they related to a time after the ALJ's decision. (Doc. 21, p. 10). Insofar as Plaintiff may be attempting to challenge the Appeal's Council's decision, the failure to support that challenge with argument would likely mean that the issue is waived. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (finding Plaintiff had waived issue by listing it in his brief but failing to "elaborate on this claim or provide citation to authority about this claim").
   Regardless, the issue lacks merit as the Council is only required to consider additional evidence "where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b) (2016); *see Hargress v. Comm'r of Soc. Sec.*, 883 F.3d 1302, 1309–10 (11th Cir. 2018) (affirming Appeals Council's decision not to consider new medical records where there was no indication doctors considered past medical records).

In arguing the ALJ erred in determining her RFC, Plaintiff points to the opinion of Dr. William Rigby, which she argues establishes greater limitations than those included in her RFC. Dr. Rigby performed a consultative exam of Plaintiff and determined Plaintiff has marked impairments in her ability to interact with supervisors, friends, and the public along with marked difficulties in adapting and responding to the pressure of normal day-to-day work activity. (Tr. 678–79). Dr. Rigby also opined that Plaintiff had no difficulties in following simple instructions and mild impairment with regard to concentration, persistence, and pace. (*Id.*).

The ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). In determining the weight to be given a medical opinion, the regulations establish a set of factors to consider. 20 C.F.R. § 404.1527(c). Those factors are (1) whether the source examined the claimant; (2) whether the source treated the claimant over a time period; (3) how well the source's opinion is supported by evidence; (4) the consistency between the opinion and the record as a whole; (5) the specialization of the source; and (6) any other factor brought to the ALJ's attention. *Id.* The ultimate determination of whether the Plaintiff is disabled, however, is reserved for the Commissioner. *Id.* § 404.1527(d)(1).

The ALJ here determined that Dr. Rigby's opinion was entitled to no weight because the opinion was inconsistent with the record as a whole, which showed Plaintiff had fewer mental health limitations than those found by Dr. Rigby. *Id.* § 404.1527(c)(3), (4). (Tr. 112). The ALJ noted that Plaintiff had no history of inpatient mental health treatment and minimal outpatient follow-up treatment. (Tr. 112, 677). Although Plaintiff reported symptoms of anxiety, her mental health status has consistently been identified as normal and treatment has been conservative.

(Tr. 112, 536–37, 618, 627, 697). Plaintiff's progress notes consistently described her memory, attention span, and reasoning skills as normal and her attitude as cooperative. *E.g.* (Tr. 849).

The ALJ determined that these consistently normal findings were inconsistent with the opinion of Dr. Rigby of additional limitations. (Tr. 112). Where the ALJ provides a specific justification for discounting a medical source's opinion, the court will not second guess that finding. *See Hunter v. Soc. Sec. Comm'r*, 808 F. 3d 818, 823 (11th Cir. 2015). Moreover, the opinion of a one-time examiner, such as Dr. Rigby, is generally not entitled to deference. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Plaintiff therefore has not established that the ALJ erred in giving no weight to the opinion of Dr. Rigby.

The ALJ instead gave significant weight to the opinions of the state psychiatric consultants, Dr. Christi Bruening and Dr. H. Thompson Prout, in determining Plaintiff's RFC. The Social Security regulations explain that state agency consultants are "highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i). The opinion of state medical consultants may be entitled to great weight when consistent with the record evidence. SSR 96-6p, 61 Fed. Reg. 34466 (July 2, 1996).

The state agency consultants concluded that Dr. Rigby opinion overstated Plaintiff's limitations and that Plaintiff's mental health limitations had not worsened since her previous claim in 2012. (Tr. 113, 155). Dr. Prout opined that Plaintiff's self-reported limitations were "partially credible" but "not at levels that would preclude all types of tasks." (Tr. 186). Dr. Prout concluded that Plaintiff's mental health status did not "appear substantially different from that considered by the ALJ" in 2012, which limited Plaintiff to simple tasks. (Tr. 186–87). Dr. Bruening reviewed the

evidence, along with new evidence submitted subsequently, and agreed with Dr. Prout's assessment. (Tr. 209).

The ALJ agreed with the state agency physicians that Dr. Rigby's opinion overstated Plaintiff's limitations and that Plaintiff's condition had not changed substantially since 2012. (Tr. 113). The ALJ thus gave significant weight to the opinions of the state agency consultants and incorporated the same functional limitations from Plaintiff's 2012 claim into Plaintiff's current RFC. *Compare* (Tr. 108) *with* (Tr. 155).[4]

In sum, Plaintiff has not met her burden to establish that the ALJ erred in determining her RFC. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (explaining that it is the Plaintiff's burden to produce evidence showing she is disabled). Instead, Plaintiff merely cites the opinions of Dr. Rigby and her own self-reported symptoms. Even if this evidence were more persuasive, it is not the role of the Court to reweigh the evidence. "Even if the evidence preponderates against the Commissioner's findings, [the Court] must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r. of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004). Accordingly, the ALJ's determination of Plaintiff's RFC is due to be affirmed.

### B. The ALJ's hypothetical question posed to the VE adequately accounted for Plaintiff's limitations in concentration, persistence, and pace.

Next, Plaintiff argues that the ALJ erred by failing to adequately account for her difficulties with regard to concentration, persistence, or pace in the question posed to the VE.[5] The ALJ asked

---

[4] The ALJ also noted that under binding precedent in the Sixth Circuit, where Plaintiff's claim was evaluated, Plaintiff would need to provide evidence of changed circumstances to alter her previous RFC under that Circuit's approach to administrative res judicata. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997).

[5] While Plaintiff argues that the hypothetical question posed to the VE did not include all of Plaintiff's functional limitations, Plaintiff's brief explains that she does not challenge "the consistency between the hypothetical questions and the [RFC]" only whether the RFC and hypothetical account for all of her limitations. (Doc. 21, pp. 16–17).

the VE whether there is work available in the national economy for an individual with Plaintiff's background and physical limitations and the ability to "maintain attention and concentration for two-hour segments as required in order to complete simple tasks throughout an eight-hour day and forty-hour week; and can adapt to changes and demands of simple tasks." (Tr. 142). The VE replied that there was. (*Id.*).

An ALJ may rely on the VE's testimony to establish nondisability provided that the hypothetical questions posed to the VE "comprises all of the claimant's impairments." *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). While the hypothetical question must include all of the claimant's limitations, an ALJ is not required to include findings in the hypothetical that are not supported by the record. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). "Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence." *Grimes v. Comm'r of Soc. Sec.*, No. 6:11-cv-568, 2012 WL 3244541, at *12 (M.D. Fla. June 18, 2012).

The ALJ determined, in the "Psychiatric Review Technique" (PRT) section of her order, that Plaintiff had moderate difficulties with regard to concentration, persistence, or pace. (Tr. 107–08).[6] In *Winschel*, the Eleventh Circuit held that when the ALJ identifies moderate difficulties with regard to concentration, persistence, or pace, the ALJ must either account for this limitation in the claimant's RFC or indicate that the medical evidence shows that the claimant's limitations did not affect the claimant's ability to work. 631 F.3d at 1180–81. The Eleventh Circuit also held, in that case, that merely limiting a claimant to simple, routine tasks did not necessarily account for

---

[6] PRT findings are used to determine whether the claimant's impairments are severe and whether they meet any of the disability listings, but the PRT findings are more general than the detailed findings used to determine the claimant's RFC. *See* 20 C.F.R. § 404.1520a; SSR 96-8p, 61 Fed. Reg. 34474, 34477 (July 2, 1996).

a finding of moderate difficulties with regard to concentration, persistence, or pace absent evidence the ALJ determined the evidence did not support a greater limitation. *Id.*

The ALJ's decision here, however, clearly indicates that the ALJ considered the medical evidence and determined that it did not establish that Plaintiff's ability to work was affected by her moderate limitations with regard to concentration, persistence, and pace beyond the limitation included in the RFC. Firstly, the question posed to the VE, and Plaintiff's RFC, in addition to limiting Plaintiff to simple, routine tasks, also specifies that Plaintiff can work for "two-hour segments of time." (Tr. 108). Thus, the hypothetical question, and the RFC, account for Plaintiff's limitations in concentration, persistence, and pace both by limiting her to simple tasks and by limiting the time she can spend engaged in such tasks.

In addition, the ALJ's order explicitly states that Plaintiff's RFC "reflects the degree of limitation the [ALJ] found in the 'paragraph B' mental function analysis [i.e., the PRT section]." (Tr. 107). In her discussion, the ALJ noted that the progress notes identified Plaintiff's mental health as normal and her treatment as conservative. (Tr. 112). The ALJ also considered the evidence of Plaintiff's daily functioning and noted that Plaintiff is able to "run her household, pay bills, and count change, all activities requiring a certain amount of concentration and attention." (Tr. 107, 370–76). The ALJ gave great weight to the state agency consultants who found that while Plaintiff had moderate limitation with regard to concentration, persistence, and pace, Plaintiff maintained the capacity to perform work consistent with her RFC. (Tr. 182–86, 205–09).

Plaintiff has failed to establish that the record supports greater limitations than those accounted for in the hypothetical question to the VA and in her RFC. The ALJ's order shows that the ALJ considered the Plaintiff's moderate limitation with regard concentration, persistence, and

pace and accounted for Plaintiff's limitations in determining Plaintiff's RFC. Accordingly, the ALJ's order is due to be affirmed on this point as well.

### IV. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g)

**DONE and ORDERED** in Ocala, Florida on June 6, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties